■ CELESTINE WILLIAMS, Appellant, v LONG ISLAND RAIL ROAD, Respondent, et al., Defendant. [816 NYS2d 153]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 24, 2005, which granted the motion of the defendant Long Island Rail Road for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated against the defendant Long Island Rail Road.

The plaintiff alleged that as she was ascending a staircase at the Long Island Rail Road (hereinafter the LIRR) Jamaica Station, she fell due to a defect in the staircase. The Supreme Court granted the LIRR's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals. We reverse.

The LIRR satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, however, the plaintiff raised a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

For a landowner to be liable in tort, the plaintiff must establish "that a defective condition existed, and that the landowner either affirmatively created the condition, or had actual or constructive notice of its existence" (*Castellitto v Atlantic & Pac. Co.*, 244 AD2d 379, 380 [1997]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks and citations omitted]).

In this case, the affidavit of the plaintiff's expert, together with the plaintiff's deposition testimony describing how her foot became caught in a hole in the back of a step, and the photographs of the staircase, raised a triable issue of fact regarding whether the condition of the staircase presented a tripping hazard. Moreover, based upon, inter alia, the worn condition of the staircase, as depicted in the photographs submitted, the plaintiff raised a triable issue of fact as to whether the LIRR had constructive notice of the alleged dangerous condition (*see e.g. Batton v Elghanayan,* 43 NY2d 898, 899-900 [1978]).

Accordingly, the Supreme Court should have denied the LIRR's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.