■ BEVERLY COHEN et al., Appellants, v TUNEWAY COMPANY et al., Respondents, et al., Defendant. [825 NYS2d 268]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Martin, J.), dated November 18, 2005, which granted the motion of the defendants Tuneway Company, Barry Berkman, Andrew Berkman, Deborah Berkman, Alice Berkman, and the Ingraham Bedell Corporation for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendants Tuneway Company, Barry Berkman, Andrew Berkman, Deborah Berkman, Alice Berkman, and the Ingraham Bedell Corporation is denied.

The injured plaintiff alleged that as she was walking in the defendants' parking lot she fell due to a sinkhole in the asphalt walkway. The Supreme Court granted the motion of the defendants Tuneway Company, Barry Berkman, Andrew Berkman, Deborah Berkman, Alice Berkman, and the Ingraham Bedell Corporation for summary judgment dismissing the complaint insofar as asserted against them on the ground that

there was no evidence of actual or constructive notice of the alleged defect. We reverse.

In opposition to the movants' prima facie showing of entitlement to judgment as a matter of law on the issue of notice, the plaintiffs raised a triable issue of fact by submitting photographs of the accident scene, an expert affidavit, and the deposition testimony of the parties, from which a jury could find that the defendants had constructive notice of the allegedly dangerous condition (*see Morgan v Chong Kwan Jun,* 30 AD3d 386, 388 [2006]; *Williams v Long Is. R.R.,* 29 AD3d 900 [2006]; *DeGruccio v 863 Jericho Turnpike Corp.,* 1 AD3d 472 [2003]). Moreover, the photographs of the accident site were insufficient to demonstrate as a matter of law that the sinkhole condition was too trivial to be actionable (*see Corrado v City of New York,* 6 AD3d 380 [2004]; *Sanna v Wal-Mart Stores,* 271 AD2d 595 [2000]). Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.