■ MILAGROS COLLADO, Plaintiff, v ANTONIO CRUZ, Respondent, and PICHON III, INC., Appellant. [917 NYS2d 178]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 23, 2010, which, to the extent appealed, denied defendant-appellant's motion for summary judgment dismissing the complaint and all cross claims against it, and granted in part defendant Cruz's cross motion for contractual indemnification, unanimously modified, on the law, to the extent of dismissing the complaint as to appellant, and otherwise affirmed, without costs.

Plaintiff tripped and fell on a broken sidewalk in front of a building owned by defendant Cruz and leased by defendant-appellant tenant for use as a grocery store. The lease provided at paragraph 30 that the tenant shall "make all repairs and replacements to the sidewalks and curbs adjacent thereto." The tenant asserts that paragraph 4 of the lease and paragraph 58 of the addendum to the lease made the tenant responsible only for nonstructural repairs. Since the sidewalk flag needed replacement, the tenant asserts that the necessary repair was structural, and it was not responsible to correct the condition.

Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on the owner of the abutting premises to maintain and repair the sidewalk, and it was undisputed that the tenant did not create the condition or make special use of the sidewalk. Provisions of a lease obligating a tenant to repair the sidewalk do not impose on the tenant a duty to a third party, such as plaintiff (*see Tucciarone v Windsor Owners Corp.*, 306 AD2d 162, 163 [2003]). Accordingly, the tenant's motion for summary judgment dismissing the complaint as against it should have been granted.

The tenant may be held liable to the owner for damages resulting from a violation of paragraph 30 of the lease, which imposed on the tenant the obligation to repair or replace the sidewalk in front of its store. Thus the motion court correctly denied the tenant's motion to dismiss the owner's cross claims against it.

The lease further provided, at paragraph 8, that "[t]enant shall indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Owner shall not be reimbursed by insurance, including reasonable attorneys fees paid . . . or incurred as a result of any breach by [t]enant . . . of any covenant or condition of this lease, or the carelessness, negligence or improper conduct of the [t]enant." This Court has held that almost identical language required the tenant to reimburse the owner only for damages not covered by any insurance policy, including insurance obtained by the owner (*see Diaz v Lexington Exclusive Corp.*, 59 AD3d 341, 342-343 [2009]). Thus, the tenant may be held liable to the owner if the owner has losses which are not reimbursed by the insurance policy the owner obtained. Accordingly, the motion court properly granted a conditional order of contractual indemnification in favor of the owner. Concur— Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.