■ Justo Ramirez, Appellant, v City of New York et al., Defendants, and IKI Associates, LLC, Respondent. [941 NYS2d 199]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated November 3, 2010, as granted that branch of the motion of the defendant IKI Associates, LLC, which was for summary judgment dismissing the complaint insofar as asserted against that defendant and denied his cross motion for summary judgment on the issue of liability as against IKI Associates, LLC, and (2) from so much of a judgment of the same court dated January 24, 2011, as, upon the order, is in favor of the defendant IKI Associates, LLC, and against it dismissing the complaint insofar as asserted against that defendant. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On the morning of July 1, 2008, the plaintiff allegedly tripped and fell on a sidewalk while walking home from a nearby store that he frequented. The defendant IKI Associates, LLC (hereinafter IKI), owned the parking lot abutting the sidewalk at issue. The plaintiff commenced an action against IKI, among other entities, alleging negligence. The Supreme Court agreed with IKI that any alleged sidewalk defect was trivial as a matter of law and, among other things, granted that branch of IKI's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion for summary judgment on the issue of liability as against IKI.

Considering the nature of the alleged defect, as well as the time, place, and circumstances of the alleged injury, IKI established its entitlement to judgment as a matter of law by demonstrating that the alleged defect did not, by reason of its location, adverse weather, lighting conditions, or other relevant circumstances, have any of the characteristics of a trap or snare, and was too trivial to be actionable (*see Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]; *Hawkins v Carter Com-*

*munity Hous. Dev. Fund Corp.*, 40 AD3d 812, 813 [2007]; *Joseph v Villages at Huntington Home Owners Assn., Inc.*, 39 AD3d 481, 482 [2007]; *Zalkin v City of New York*, 36 AD3d 801, 802 [2007]; *Hymanson v A.L.L. Assoc.*, 300 AD2d 358, 358-359 [2002]; *Burstein v City of New York*, 259 AD2d 579 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's reliance on various provisions of the Administrative Code of the City of New York is misplaced, as IKI established the inapplicability of those provisions through photographs and deposition testimony. For the same reasons, the plaintiff's cross motion for summary judgment on the issue of liability as against IKI was properly denied.

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.