■ JOSEPH GUIDONE et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. [942 NYS2d 632]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winslow, J.), dated October 29, 2010, which granted the

defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The injured plaintiff allegedly fell when his left foot went into a crack or slot in the grassy area between the curb and the sidewalk abutting his property. Pursuant to its contract with the defendant Town of Hempstead, the defendant Welsbach Electric Corp. performed some work in the area prior to the accident. As a result, the injured plaintiff and his wife, suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the alleged defect was trivial and not actionable. The Supreme Court granted the motion. The plaintiffs appeal, and we reverse.

Generally, the issue of whether a dangerous condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *DeLaRosa v City of New York*, 61 AD3d 813 [2009]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place[,] and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978 [internal quotation marks omitted]).

The Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Here, the evidence submitted by the defendants, including deposition testimony and photographs, was insufficient to demonstrate as a matter of law that the alleged defect was trivial, and therefore not actionable (*see Perez v 655 Montauk, LLC*, 81 AD3d 619 [2011]; *Corrado v City of New York*, 6 AD3d 380 [2004]). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Rivera, J.P., Hall, Lott and Austin, JJ., concur.