■ DOROTHY DEVLIN, Respondent, v IMRAN IKRAM, Doing Business as 7-ELEVEN STORE, et al., Appellants. [962 NYS2d 148]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 9, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly concluded that the defendants, in support of their motion for summary judgment dismissing the complaint, failed to establish, prima facie, that the condition identified by the plaintiff as the cause of her fall in their parking lot was trivial and not actionable as a matter of law (*see Guidone v Town of Hempstead*, 94 AD3d 1054 [2012]; *Perez v 655 Montauk, LLC*, 81 AD3d 619 [2011]). Moreover, the defendants failed to establish, prima facie, that the identified condition was not inherently dangerous as a matter of law (*see Demuth v Best Buy Stores, L.P.*, 85 AD3d 713 [2011]; *Carson v Baldwin Union Free School Dist.*, 77 AD3d 878 [2010]; *Klee v Cablevision Sys. Corp.*, 77 AD3d 794 [2010]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]; *Cooper v American Carpet & Restoration Servs., Inc.*, 69 AD3d 552, 553-554 [2010]; *Grgich v City of New York*, 2 AD3d 680 [2003]). The fact that the condition was open and obvious only raised a triable issue of fact as to the plaintiff's comparative negligence (*see Salomon v Prainito*, 52 AD3d 803 [2008]; *Holly v 7-Eleven, Inc.*, 40 AD3d 1033 [2007]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). The defendants also failed to establish, prima facie, that they lacked constructive notice of the condition complained of (*see Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551 [2011]; *Schiano v Mijul, Inc.*, 79 AD3d 726, 726-727 [2010]; *Farrell v Waldbaum's, Inc.*, 73 AD3d 846, 847 [2010]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]).

Since the defendants failed to meet their initial burden as the movants, the Supreme Court properly denied their motion for summary judgment dismissing the complaint, and it is not necessary to review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Balkin, J.P., Hall, Austin and Cohen, JJ., concur.