In an action to recover damages for personal injuries, the *767 plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated October 3, 2011, which granted the motion of the defendant Herricks Union Free School District for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Herricks Union Free School District for summary judgment dismissing the complaint insofar as asserted against it is denied.
On May 29, 2009, the plaintiff allegedly tripped and fell on a sidewalk while attending a carnival on the grounds of the Her-ricks School in New Hyde Park. The plaintiff subsequently commenced this personal injury action against the defendant Her-ricks Union Free School District (hereinafter the school district) and the Incorporated Village of New Hyde Park. The school district moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that the sidewalk defect, which had been present for approximately two years, was nevertheless too trivial to be actionable. The Supreme Court granted the school district’s motion for summary judgment on that basis.
In determining whether a defect is trivial, courts must examine all of the facts presented including the width, depth, elevation, irregularity, and appearance of the defect, and the time, place, and circumstances of the accident (see Trincere v County of Suffolk, 90 NY2d 976, 978 [1997]; Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 633 [2012]). As stated by the Court of Appeals, “there is no ‘minimal dimension test’ or per se rule that a defect must be of a certain minimum height or depth in order to be actionable” (Trincere v County of Suffolk, 90 NY2d at 977).
“Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable” (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984 [2011]; see Maiello v Eastchester Union Free School Dist., 8 AD3d 536, 536-537 [2004]). Here, the photographs submitted by the school district depict a lengthy crack in the pavement which was at least three quarters of an inch deep and approximately four inches wide at the specific site of the accident. Given the high-traffic location of the occurrence, the length, depth, width, and irregularity of the defect, and the circumstances of the accident as set forth in witness testimony, the school district failed to meet its prima facie burden of establishing that the defect was trivial and nonactionable as a matter of law (see Guidone v Town of Hempstead, 94 AD3d 1054, 1055 *768 [2012]; Perez v 655 Montauk, LLC, 81 AD3d 619 [2011]; Corrado v City of New York, 6 AD3d 380 [2004]). Since the school district failed to meet its prima facie burden, we need not consider the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, the school district’s motion for summary judgment dismissing the complaint insofar as asserted against it should have been denied. Dillon, J.P., Balkin, Austin and Sgroi, JJ., concur.