■ BLANCA CARDONA-TORRES, Appellant, v CITY OF NEW YORK, Defendant, and JAMAICA SEVEN, LLC, et al., Respondents. [972 NYS2d 582]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated December 9, 2011, as granted that branch of the motion of the defendants Jamaica Seven, LLC, and Jamaica Seven Properties, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Jamaica Seven, LLC, and Jamaica Seven Properties, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

On February 4, 2009, the plaintiff allegedly sustained injuries when she tripped and fell due to a difference in elevation between a section of the brick entranceway to the building in which she lived and the adjoining concrete sidewalk. She commenced this action to recover damages for personal injuries against the owners of the building, the defendants Jamaica Seven, LLC, and Jamaica Seven Properties, LLC (hereinafter together the Jamaica Seven defendants), and the City of New York. The Jamaica Seven defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the basis that the subject defect was trivial and, therefore, nonactionable. The Supreme Court granted that branch of the Jamaica Seven defendants' motion.

"Generally, whether a dangerous or defective condition exists

depends on the particular facts of each case, and is properly a question of fact for the jury unless the defect is trivial as a matter of law" (*Milewski v Washington Mut., Inc.*, 88 AD3d 853, 855 [2011]; *see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the 'width, depth, elevation, irregularity and appearance of the defect along with the time, place, and circumstance of the injury' " (*Turuseta v Wyassup-Laurel Glen Corp.*, 91 AD3d 632, 633 [2012], quoting *Trincere v County of Suffolk*, 90 NY2d at 978; *see Brenner v Herricks Union Free Sch. Dist.*, 106 AD3d 766, 767 [2013]). There is no "minimal dimension test" or per se rule that a defect, in order to be actionable, must be a certain height or depth (*Trincere v County of Suffolk*, 90 NY2d at 977; *see Milewski v Washington Mut., Inc.*, 88 AD3d at 856).

Here, in support of their motion, the Jamaica Seven defendants submitted evidence, including photographs, which showed that the bricks within the section of the entranceway where the plaintiff tripped were depressed below the adjacent public sidewalk, causing a height differential of at least three quarters of an inch. This evidence, including the plaintiff's deposition testimony, was insufficient to demonstrate as a matter of law that the alleged defect was trivial and, therefore, not actionable (*see Brenner v Herricks Union Free Sch. Dist.*, 106 AD3d at 767; *Devlin v Ikram*, 103 AD3d 682 [2013]; *Guidone v Town of Hempstead*, 94 AD3d 1054, 1055 [2012]; *Rogers v 575 Broadway Assoc., L.P.*, 92 AD3d 857, 858 [2012]; *Perez v 655 Montauk, LLC*, 81 AD3d 619, 620 [2011]).

Since the Jamaica Seven defendants did not meet their prima facie burden as the movants, we need not consider the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the branch of the Jamaica Seven defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur. **[Prior Case History: 2011 NY Slip Op 33592(U).]**