In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), entered August 3, 2012, as granted that branch of the motion of the defendants Morwood Dry Cleaners and BMK Cleaners which was for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the cross motion of the defendants Chun Ok Lee and Kyung Hee Lee which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
“[W]hether a dangerous or defective condition exists on the property of another so as to create liability ‘depends on the peculiar facts and circumstances of each case’ and is generally a question of fact for the jury” (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997], quoting Guerrieri v Summa, 193 AD2d 647, 647 [1993]; see Cardona-Torres v City of New York, 109 AD3d 862 [2013]; Hahn v Wilhelm, 54 AD3d 896 [2008]). However, a property owner (and tenants) may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Schiller v St. Francis Hosp., Roslyn, N.Y., 108 AD3d 758 [2013]; Milewski v Washington Mut., Inc., 88 AD3d 853, 855 [2011]; Aguayo v New York City Hous. Auth., 71 AD3d 926 [2010]). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, “including the width, depth, elevation, irregularity and appearance of the defect along with the ‘time, place and circumstance’ of the injury” (Trincere v County of Suffolk, 90 NY2d at 978, quoting Caldwell v Village of Is. Park, 304 NY 268, 274 [1952]; see Schiller v St. Francis Hosp., Roslyn, N.Y., 108 AD3d at 758; Brenner v Herricks Union Free Sch. Dist., 106 AD3d 766, 767 [2013]). There is no “ ‘minimal dimension test’ or per se rule that a defect must be of a certain minimum height or depth in order to be actionable” (Trincere v County of Suffolk, 90 NY2d at 977; see Brenner v Herricks Union Free Sch. Dist., 106 AD3d at 767). Photographs which fairly and accurately represent the accident site may be used to establish *832 that a defect is trivial and, therefore, not actionable (see Brenner v Herricks Union Free Sch. Dist., 106 AD3d at 767; Schenpanski v Promise Deli, Inc., 88 AD3d 982 [2011]; Aguayo v New York City Hous. Auth., 71 AD3d at 926).
In support of those branches of the motion and cross motion of the respective defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them, they made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the alleged defect in a metal sidewalk cellar door was trivial, and did not possess the characteristics of a trap or nuisance (see James v Newport Gardens, Inc., 70 AD3d 1002 [2010]; Hawkins v Carter Community Hous. Dev. Fund Corp., 40 AD3d 812, 813 [2007]; Bekritsky v TACS-4, Inc., 27 AD3d 680, 681 [2006]; D’Arco v Pagano, 21 AD3d 1050, 1051 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact.
Therefore, the Supreme Court properly granted these branches of the motion and cross motion of the respective defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.E, Lott, Miller and Hinds-Radix, JJ., concur.