Trinidad v Catsimatidis (2021 NY Slip Op 00047)





Trinidad v Catsimatidis


2021 NY Slip Op 00047


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 304188/13 Appeal No. 12748 Case No. 2020-02720 

[*1]Yolanda Trinidad, Plaintiff-Appellant,
v
John Catsimatidis, Defendant-Respondent.


Ami Morgenstern, Attorney-at-Law, PLLC, Long Island City (Marc Andrew Williams of counsel), for appellant.
Law Office of Nicholas C. Katsoris, New York (Nicole S. Lam of counsel, for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 27, 2020, which, insofar as appealed from as limited by the briefs, granted defendant John Catsimatidis's motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion denied.
Although defendant established that he lacked actual notice of any hazardous condition on the property and that there had been no complaints or violations involving the alleged defective sidewalk before plaintiff's accident (Gomez v Congregation K'Hal Adath Jeshurun, Inc., 104 AD3d 456, 456 [1st Dept 2013]), triable issues exist as to whether defendant had constructive notice of the raised flag (see Molinari v 167 Hous. Corp., 103 AD3d 507, 507 [1st Dept 2013]).
Plaintiff's testimony about the cause and location of her fall are consistent with defendant's own photographs, submitted in support of his motion. The photographs show a vertically displaced, raised sidewalk flag. Although the property manager states that the premises were regularly inspected, and any condition observed would have been reported to him, reference to a generalized inspection practice "is insufficient to satisfy defendant['s] burden of establishing that [he] lacked notice of the alleged condition of the sidewalk prior to the accident" (Simpson v City of New York, 126 AD3d 640, 641 [1st Dept 2015]). There is an issue whether the alleged defect had existed for a sufficient period of time to put defendant on notice of the condition (Gomez, 104 AD3d at 456-457).
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]). Here, defendant failed to demonstrate prima facie his entitlement to judgment as a matter of law. Administrative Code of City of NY § 19-152 requires remediation for sidewalk flags with a height differential of one half inch or more. Defendant did not provide any evidence that the alleged height differential between the sidewalk flags where plaintiff tripped was less than one half inch and thus not actionable under Administrative Code § 19—152 (see Scuteri v 7318 13th Ave. Corp., 52 Misc 3d 391, 394 [Sup Ct, Kings County 2016], affd in part, appeal therefrom dismissed in part 150 AD3d 1172 [2d Dept 2017]). While a height differential of one half inch or more is not per se non-trivial, and therefore actionable as a matter of law, violation of Administrative Code § 19-152 is one factor to consider when deciding the issue of triviality (Gomez, 104 AD3d at 456-457). As a general rule, whether a defect is trivial depends on "the facts presented, including the width[*2], depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]). The relevant inquiry is whether the defect was "difficult for a pedestrian to see or to identify as a hazard or difficult to pass over safely on foot in light of the surrounding circumstances" (Hutchinson, 26 NY3d at 80). Although defendant relies on photographs to prove his defense that the defect is trivial, summary judgment should not be granted where, as here, "the dimensions of the alleged defect are unknown and the photographs and descriptions inconclusive" (Hutchinson, 26 NY3d at 84). In any event, plaintiff estimated that the height differential was at least one inch because it was approximately the same height as the heel on her sneakers, thereby raising an issue of fact whether the defect was non-trivial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021