Crimlis v City of New York (2021 NY Slip Op 07063)





Crimlis v City of New York


2021 NY Slip Op 07063


Decided on December 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 16, 2021

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Index No. 150341/15 59516/17 595398/18 Appeal No. 14878 Case No. 2021-01173 

[*1]Lawrence Crimlis, Plaintiff,
v
City of New York, Defendant, Bleecker Towers Tenants Corp., Defendant-Appellant, Atrium, et al., Defendants-Respondents. Atrium, et al., Third-Party Plaintiffs-Respondents,


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Joseph A.H. McGovern of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn (Patrick W. Brophy of counsel), for Atrium and The Atrium Trading Group, Inc., respondents.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for 644 BRDY Realty, Inc., respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about March 17, 2021, which, to the extent appealed from as limited by the briefs, granted in part the motion of defendant/third-party defendant 644 BRDY Realty, Inc. for summary judgment to the extent of dismissing plaintiff's claims as against it, and denied the cross motion of defendant Bleecker Towers Tenants Corp. for leave to serve an amended answer asserting cross claims against BRDY Realty for contractual indemnification and failure to procure insurance and for summary judgment on the putative cross claim for indemnification as against BRDY Realty and on the cross claim for contractual indemnification as against defendants Atrium and The Atrium Trading Group, Inc. (together, Atrium), unanimously affirmed, without costs.
Plaintiff commenced this action for personal injuries he sustained when he tripped and fell on a defect in the sidewalk abutting premises owned by Bleecker Towers, which leased the commercial portion of the premises to BRDY Realty, which, in turn, subleased that portion of the premises to Atrium. Plaintiff initially commenced this action against Bleecker Towers on January 20, 2015, and on May 1, 2017, BRDY Realty was added as a direct defendant. The note of issue was filed on January 29, 2020. On June 25, 2020, more than three years after BRDY Realty was added as a defendant and six months after the notice of issue was filed, Bleecker Towers moved to amend its answer to assert cross claims against BRDY Realty.
The three-year delay in moving to amend the answer prejudices BRDY Realty. Indeed, BRDY Realty has defended this action under the assumption that plaintiff's claims were the only ones asserted directly against it; as a result, BRDY Realty did not take any action during the litigation to assure that Atrium — against which BRDY Realty might very well have viable claims, and which has been dismissed as a defendant — would remain as a party in the action. Accordingly, the proposed amendment is barred by laches (see Arias-Paulino v Academy Bus Tours, Inc., 48 AD3d 350, 350 [1st Dept 2008]; Harmon Assoc. v Primerica Corp., 184 AD2d 374, 374 [1st Dept 1992]).
Bleecker Towers also failed to establish prima facie that it was entitled to summary judgment on its cross claim against Atrium for contractual indemnification, as Bleecker Towers, under its lease with BRDY Realty, was alone responsible for making repairs to the sidewalk, and Atrium was obliged to indemnify BRDY Realty for any claims arising out of Atrium's negligence. The record contains no evidence that plaintiff's accident arose out of Atrium's negligence, and therefore, Atrium's obligation to indemnify was not triggered (see McLaughlin v Ann-Gur Realty Corp., 107 AD3d 469, 470 [1st Dept 2013]).
The court correctly dismissed plaintiff's claims against BRDY Realty, as BRDY Realty was not responsible for maintaining the sidewalk, nor did it create the defect on the sidewalk. Likewise, BRDY Realty [*2]made no special use of the sidewalk (see Collado v Cruz, 81 AD3d 542, 542 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2021