| |
|---|
| **Pimentel v City of New York** |
| 2025 NY Slip Op 30190(U) |
| January 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159506/2020 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. JEANINE R. JOHNSON** | PART **52-M** |
| *Justice* | |

-------------------------------------------------------------------X

JULIA PIMENTEL,

                 Plaintiff,

           - v -

THE CITY OF NEW YORK, PORT AUTHORITY OF NEW
YORK AND NEW JERSEY

                 Defendant.

-------------------------------------------------------------------X

| INDEX NO. | 159506/2020 |
|---|---|
| MOTION DATE | 06/21/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for                  **JUDGMENT - SUMMARY**       .

Upon the foregoing documents and oral argument heard October 23, 2024, Defendant,

Port Authority of New York and New Jersey's (hereinafter "Port Authority") motion for

summary judgment pursuant to CPLR § 3212, and dismissal of the complaint is denied. Port

Authority's application for conditional summary judgment on its cross-claim for indemnification

against the Defendant, The City of New York (hereinafter "the City") is granted.

To succeed on a motion for summary judgment, the moving party must make a prima

facie showing of entitlement to summary judgment as a matter of law by demonstrating the

absence of any material issues of fact. *See generally Friends of Thayer Lake LLC v. Brown,* 27

N.Y.3d 1039 (2016). *Jacobsen v. New York City Health & Hosps. Corp.,* 22 N.Y.3d 824 (2014);

CPLR §3212(b). "If the moving party makes out a prima facie showing, the burden then shifts to

the non-moving party to establish the existence of material issues of fact which preclude

judgment as a matter of law." *Jacobsen,* 22 N.Y.3d at 833. If there are no material, triable issues

159506/2020 PIMENTEL, JULIA vs. CITY OF NEW YORK
Motion No. 002

Page 1 of 4

1 of 4

of fact, summary judgment must be granted. *See Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395 (1957).

"Section § 7-210 of the Administrative Code of New York imposes a nondelegable duty on the owner of the abutting premises to maintain and repair the sidewalk" and to keep it in reasonably safe condition. *Wahl v JCNYC, LLC,* 133 A.D.3d 552, 552 (1st Dept 2015) (*citing Collado v Cruz,* 81 AD3d 542 (1st Dept 2011). "A tenant may be held liable to the owner for damages resulting for a violation of… (a) lease, which imposed on the tenant the obligation to repair or replace the sidewalk in front of the property." *Id.* "A party is entitled to full contractual indemnification [for damages incurred in a personal injury suit] provided that the 'intention can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances.'" *Masciotta v. Morse Diesel International, Inc.*, 303 A.D.2d 309, 310 (1st Dep't 2003); *Hong -Bao Ren v Gioia St. Marks, LLC*, 163 AD3d 494, 496 (1st Dept 2018).

Defendant-Port Authority asserts it lacked actual and constructive notice of the condition that Plaintiff claims caused her injury based upon a two year review of their maintenance, operating and inspection records. Defendant-Port Authority further asserts dismissal is required because the condition that caused Plaintiff's injury is a trivial defect, as a matter of law. Lastly, Defendant-Port Authority maintains it is entitled to conditional summary judgment and indemnification because the Trans-Manhattan Expressway Structures and Avenue Surfaces Maintenance Agreement (hereinafter "Agreement") requires Defendant-the City to maintain the street surfaces, including the sidewalk and expansion joint at the site of the accident.

Plaintiff argues Defendant-Port Authority had actual and constructive notice that the condition because the defective expansion joint was noted in Defendant-Port Authority's own 2018 inspection records and included photographs. Plaintiff further argues Defendant-Port

**159506/2020  PIMENTEL, JULIA vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 2 of 4**

2 of 4

Authority did not meet its prima facie burden because the measurements and images taken of the expansion joint show it was unsealed and not in compliance with 34 RCNY § 2-09(f)(4)(v). Lastly, Plaintiff contends Defendant-Port Authority is owner of the of the site and cannot shift its non-delegable duty to maintain it.

Defendant-City joins the portion of Defendant, Port Authority's motion as to the trivial defect and requests the court grant both Defendants summary judgment motion on that basis. However, Defendant-City maintains it is not responsible for the expansion joint or sidewalk and did not voluntarily assume a duty under the contractual Agreement.

This Court finds that neither Defendant met their prima facie burden to demonstrate the absence of any material issues of fact. Material issues exist surrounding whether the defect was physically insignificant; whether the expansion joint was recessed as required by statute; and whether the Defendant, Port Authority had actual or constructive notice based on their own 2018 inspection report. 34 RCNY § 2-09(f)(4)(v); *See Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 (2015) *Trinidad v Catsimatidis*, 190 AD3d 444 (1st Dept 2021). Consequently, dismissal of Plaintiff's complaint is improper.

Additionally, this Court finds that the Agreement language between the Defendants establishes the City's responsibility for maintaining and repairing the avenue surfaces, which includes "roadways and lighting thereof, wearing surface, sidewalks and curbs." Thus, conditional summary judgment as to the indemnification claim is appropriate. *Masciotta v. Morse Diesel International, Inc.*, 303 A.D.2d 309, 310 (1st Dep't 2003); *Hong -Bao Ren v Gioia St. Marks, LLC*, 163 AD3d 494, 496 (1st Dept 2018).

Accordingly, it is hereby,

**159506/2020  PIMENTEL, JULIA vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 3 of 4**

3 of 4

ORDERED that Defendants, Port Authority of New York and New Jersey and The City of New York's motion for summary judgment is denied; and it is further

ORDERED that Defendant, Port Authority of New York and New Jersey's motion for conditional summary judgment as to the indemnification claim against the Defendant, The City of New York is granted.

This constitutes the Decision and Order of the Court.

| 1/6/2025 | | | | | | | |
|----------|---|---|---|---|---|---|---|
| **DATE** | | | | | JEANINE R. JOHNSON, J.S.C. | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|--------|---|-----------------------|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159506/2020  PIMENTEL, JULIA vs. CITY OF NEW YORK**
**Motion No.  002**

Page 4 of 4

[* 4]