Robles-Lopez v E.S.H. Family Corp. (2025 NY Slip Op 03983)

Robles-Lopez v E.S.H. Family Corp.

2025 NY Slip Op 03983

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Rodriguez, Rosado, JJ. 

Index No. 304782/15|Appeal No. 4676|Case No. 2024-03196|

[*1]Rode Robles-Lopez, Plaintiff-Respondent-Appellant,
v
E.S.H. Family Corp., Defendant-Appellant-Respondent, Vista Land Real Estate Corp. et al., Defendants-Respondents, New Five Star Gold Inc., Defendant.

Hannum Feretic Prendergast & Merlino, New York (Paul Golden of counsel), for appellant-respondent.
Adam D. Polo, P.C., New York (Theodore Rothman of counsel), for respondent-appellant.
Callahan & Fusco, LLC, New York (Eileen Kaplan of counsel), for Vista Land Real Estate Corp., respondent.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Dean L. Pillarella of counsel), for Jean Star Express Corp., respondent.
Law Office of Eric D. Feldman, New York (Michael J. Kozoriz of counsel), for New Five Star Gold Inc., respondent.

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about April 23, 2024, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Vista Land Real Estate Corp. and Jean Star Express Corp. for summary judgment dismissing the complaint and all cross-claims as against them, and denied defendant E.S.H. Family Corp.'s (ESH) motion for summary judgment on its contractual indemnification cross-claim against Jean Star, unanimously modified, on the law, to deny Jean Star summary judgment dismissing ESH's contractual indemnification cross-claim as against it, and otherwise affirmed, without costs.
This personal injury action stems from plaintiff's trip-and-fall on the sidewalk abutting defendants' properties. ESH and Vista owned neighboring properties; Jean Star and defendant New Five Star Gold Inc. were their respective tenants. The principal issues on appeal are on whose property the defect was located and who was responsible for correcting it.
Vista was properly granted summary judgment dismissing the complaint and all cross-claims against it. It made its prima facie showing through plaintiff's deposition testimony describing the defect involved in her accident, the photograph on which she circled the defect that caused her accident (see Garrett v City of New York, 222 AD3d 554, 555 [1st Dept 2023]; Cuevas v City of New York, 32 AD3d 372, 372-373 [1st Dept 2006]), and Vista's expert land surveyor's report that the circled defect was part of ESH's property. Thus, Vista showed that ESH had a nondelegable duty to repair the defect either under Administrative Code of the City of New York § 7-210 or, insofar as the defect was within 12 inches of the sidewalk cellar doors to its property, Rules of City of New York Department of Transportation (34 RCNY) § 2-07 (b). Contrary to ESH and plaintiff's argument, plaintiff's deposition testimony that she "possibly" stepped and fell in a part of the defect outside the area that she circled on the photograph was insufficient to raise an issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980] ["mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to oppose a motion for summary judgment]). ESH and plaintiff have offered nothing more than speculation that Vista's expert land surveyor's analysis was inaccurate.
Regarding Jean Star, we have recognized that "[p]rovisions of a lease obligating a tenant to repair the sidewalk do not impose on the tenant a duty to a third party, such as plaintiff" (Collado v Cruz, 81 AD3d 542, 542 [1st Dept 2011]). Given further that Jean Star neither caused or created the defect nor made special use of the sidewalk (id.), Jean Star was properly granted summary judgment dismissing the complaint as against it.
However, Jean Star was not entitled to summary judgment dismissing ESH's contractual indemnification cross-claim against it. Jean Star's lease obligated [*2]it, among other things, to "make all repairs and replacements to the sidewalks and curbs adjacent" to the property. We have previously read this language as "impos[ing] on the tenant the obligation to repair or replace the sidewalk in front of its store" (id.). Nevertheless, ESH was properly denied summary judgment, conditional or otherwise, on its contractual indemnification cross-claim against Jean Star in light of issues of fact as to whether ESH's negligence, as alleged, was the sole proximate cause of plaintiff's accident (see Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025