■ Mildred Salzberg, Respondent, v Hadasah Futernick et al., Appellants, and Dayton Construction, Inc., et al., Respondents. [721 NYS2d 403] —In an action to recover damages for personal injuries, the defendants Hadasah Futernick, as Executrix of the Estate of Benjamin Futernick, Carol Futernick, and Janice Futernick appeal from stated portions of an order of the Supreme Court, Queens County (Weiss, J.), dated January 10, 2000, which, *inter alia,* denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, or for summary judgment on their cross claim against the defendants Dayton Construction, Inc., and Blockbuster Videos, Inc., for indemnification.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly tripped and fell on an uneven sidewalk in front of a Blockbuster Video, Inc. (hereinafter Blockbuster), store. The plaintiff brought this action against Blockbuster, Hadasah Futernick, as Executrix of the Estate of Benjamin Futernick, Carol Futernick, and Janice Futernick as successors in interest to the owner of the property, and Dayton Construction, Inc. (hereinafter Dayton). Dayton was the independent contractor which constructed the premises, including the sidewalk. The complaint alleged that the sidewalk was owned by the Futernick defendants, and that the defect in the sidewalk was caused by its improper construction and/or the improper preparation of the soil beneath it.

Contrary to the appellants' contention, the Supreme Court properly denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them or for summary judgment on their cross claims against Dayton and Blockbuster for indemnification. As landlords, the appellants had a non-delegable duty to members of the general public to keep their premises safe (*see, Richardson v Schwager*

*Assocs.,* 249 AD2d 531; *Thomassen v J & K Diner,* 152 AD2d 421). Further, lack of notice of the defect would not allow them to avoid liability where the plaintiff contends that the initial construction or design of the sidewalk was defective (*see, Richardson v Schwager Assocs., supra*).

The appellants' remaining contentions are without merit. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.