■ HELEN BERKOWITZ, Respondent, v DAYTON CONSTRUCTION, INC., Defendant, JACAROGA, LLC, Respondent, and BLOCKBUSTER VIDEO, INC., Appellant. [769 NYS2d 730]—

In an action to recover damages for personal injuries, the defendant Blockbuster Video, Inc., appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated October 31, 2002, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the complaint and all cross claims are dismissed insofar as asserted against the defendant Blockbuster Video, Inc., and the action against the remaining defendants is severed.

The plaintiff allegedly sustained injuries when she tripped and fell on a sidewalk on 64th Avenue in Queens County, which was adjacent to a building that was leased by the defendant Blockbuster Video, Inc. (hereinafter Blockbuster), and owned by the defendant Jacaroga, LLC (hereinafter Jacaroga). In opposition to Blockbuster's contention that it owed no duty to the plaintiff to maintain the sidewalk, the plaintiff failed to raise a triable issue of fact by demonstrating that Blockbuster created the defective condition, negligently made repairs, or used the sidewalk for a special purpose (*see Lowenthal v Heidrich Realty Corp.*, 304 AD2d 725, 726-727 [2003]; *Yee v Chang Xin Food Mkt.*, 302 AD2d 518, 519 [2003]; *Lobel v Rodco Petroleum Corp.*, 233 AD2d 369 [1996]). Moreover, the lease between Jacaroga and Blockbuster does not create a duty to the plaintiff as a pedestrian (*see Kennedy v C & C New Main St. Corp.*, 269 AD2d 499, 500 [2000]; *DeCurtis v T.H. Assoc.*, 241 AD2d 536, 537 [1997]). Thus, any failure of Blockbuster to maintain the sidewalk as required under the lease does not create liability on its part to plaintiff. Therefore, Blockbuster is entitled to dismissal of the complaint insofar as asserted against it.

With respect to Jacaroga's cross claim against Blockbuster for contribution and indemnification, Blockbuster correctly contends that it was not required under the lease to repair the alleged defect, a raised sidewalk slab, as such a defect is structural (*see Salzberg v Futernick*, 281 AD2d 467 [2001]; *see also Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]). Under the lease, Blockbuster is only required to make nonstructural repairs. Jacaroga's contention that the plaintiff tripped over a tuft of grass in the expansion joints of the sidewalk rather than on the misaligned sidewalk is a feigned issue not supported by the record, and therefore was insufficient to defeat a motion for summary judgment (*see Krohn v Melanson*, 298 AD2d 510, 511 [2002]; *Marcelle v New York City Tr. Auth.*, 289

AD2d 459 [2001]). Accordingly, Blockbuster was entitled to the dismissal of Jacaroga's cross claim asserted against it. Smith, J.P., McGinity, H. Miller and Rivera, JJ., concur.