DAVID CUCINOTTA, Plaintiff, v CITY OF NEW YORK et al., Defendants, NORTHSIDE REALTY CORPORATION, Respondent, and MERIKEN LTD., Appellant. (And a Third-Party Action.) [892 NYS2d 352]—

Plaintiff was allegedly injured on August 21, 2004 when he tripped and fell on an allegedly defective sidewalk abutting the

premises located at 162 West 21st Street, New York. The premises was owned by Northside, and leased by Meriken (the restaurant), pursuant to a lease agreement (lease) and a rider to the lease (rider) dated July 7, 2004.

Section 4 of the lease required Meriken to make all nonstructural repairs to the sidewalks. Paragraph 43 (a) of the rider assigned responsibility to Meriken for, inter alia, structural repairs to the premises which arose from its negligence or misconduct or from a breach of any obligation or covenant to be performed by it under the lease. Further, paragraph 52 of the rider identified with specificity the restaurant's responsibilities regarding floors and sidewalk as follows: "[Restaurant] shall keep the floors of the [p]remises and the sidewalk in front thereof, and extending 18 inches into the street, free and clean of snow, ice, dirt, debris and other foreign matter and will, at its sole cost and expense, make suitable arrangements to dispose of all waste and rubbish in compliance with all laws, regulations and ordinances pertaining thereto."

Paragraph 45 (a) of the rider (indemnification provision) requires Meriken to indemnify Northside for claims arising from, relating to or in connection with: "(i) [Meriken's] use or occupancy of the Premises or the conduct of business in or management of the Premises or any work or thing whatsoever done or any condition created in or about the Premises during the term of this lease; (ii) any act or omission of [Meriken] . . . ; and (iii) any default in the performance or observance of any of the terms, provisions, conditions, or covenants of this lease on [Meriken's] part to be observed or performed."

Paragraph 45 (b) of the rider (insurance provision) required Meriken to, inter alia, obtain insurance in Northside's name independent of Meriken's management of the property, acts/omissions or its defaulting on requirements of the lease.

On January 13, 2005, plaintiff commenced this negligence action against, inter alia, Northside and Meriken. Northside cross-claimed against Meriken based upon Meriken's alleged negligence and contractual indemnification. On January 28, 2008, Meriken moved for summary judgment and sought dismissal of both plaintiff's action and of Northside's cross claims as to indemnification. Northside cross-moved for indemnification and defense pursuant to the terms of the lease.

By order entered on May 19, 2008, the motion court (1) denied Meriken's motion for summary judgment against both plaintiff and Northside and (2) granted Northside's cross motion "only to the extent that defendant [Meriken] shall be liable for all damages, including the costs of defending the lawsuit as against

Northside, which arise from its failure to procure insurance naming Northside as an additional insured."

On appeal, Meriken contends that the motion court, in granting Northside's cross motion for summary judgment based upon Meriken's contractual failure to list Northside as an additional insured, incorrectly held that the measure of damages to Northside was "all damages, including the costs of defending the lawsuit." Instead, Meriken contends that Northside is only entitled to the full cost of insurance to Northside including premiums paid and any out-of-pocket costs incidental to obtaining such insurance that might have been incurred. Meriken also argues that since there is no evidence that the alleged defect was caused by its negligence or misconduct, it should not be responsible for indemnity under the contract or common law. For the reasons set forth below, we agree and modify.

At the outset, we find that Meriken met its burden of establishing that the lease and rider did not shift responsibility for the structurally defective concrete slab on the sidewalk from Northside to Meriken (*see* Administrative Code of City of NY § 7-210). Moreover, the record does not raise any triable issues of fact with respect to whether the condition of the sidewalk was due to any acts of negligence on Meriken's part (*Berkowitz v Dayton Constr.*, 2 AD3d 764 [2003]; cf. *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 154 [1973]). Meriken therefore was entitled to summary judgment dismissing Northside's cross claims for common-law and contractual indemnification against it insofar as those claims are premised on the indemnification provision of the rider (*see Berkowitz* at 765-766).

However, to the extent Northside's cross claims are premised on Meriken's undisputed failure to obtain insurance naming Northside as an additional insured, pursuant to the insurance provision of the rider, we find that the motion court correctly granted Northside's cross motion. In *Inchaustegui v 666 5th Ave. Ltd. Partnership* (268 AD2d 121 [2000], *affd* 96 NY2d 111 [2001]), this Court addressed the damages recoverable by a landlord for a subtenant's breach of a sublease provision requiring the subtenant to procure liability insurance covering the landlord after the landlord was sued for personal injuries covered under its policy. Notably, in *Inchaustegui*, the landlord had procured its own insurance. We held that the damages were limited to the landlord's costs of purchasing substitute insurance and other out-of-pocket expenses arising from the liability claim not covered by the substitute insurance, such as any deductibles or any increase in premiums resulting from the liability claim (*Inchaustegui* at 127).

In this Court, Meriken alleges for the first time, in mitigation, that Northside itself purchased insurance equivalent to that which Meriken was contractually obligated to procure. Thus, citing *Inchaustegui*, Meriken contends that the measure of damages is limited to the cost of Northside's insurance, including premiums paid and any out-of-pocket costs incidental to obtaining such insurance that might have been incurred. Although Northside does not deny that it obtained such insurance, the record does not indicate that this allegation was before the motion court. Therefore, the appropriate measure of damages must be determined upon proper proof at trial. Concur—Catterson, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ.