■ BRIAN MCLAUGHLIN et al., Respondents, v ANN-GUR REALTY CORPORATION, Respondent, and EDUARDO ALMANZAR, Appellant, et al., Defendant. [968 NYS2d 12]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered July 16, 2012, which, to the extent appealed from as limited by the briefs, denied defendant Eduardo Almanzar's motion for summary judgment dismissing the General Municipal Law § 205-a and loss of consortium claims and all cross claims against him, unanimously modified, on the law, to grant the motion as to plaintiffs' claims and as to defendant Ann-Gur Realty Corporation's cross claims for contribution and contractual and common-law indemnification, and otherwise affirmed, without costs.

Plaintiff police officer was injured when he slipped off a sidewalk "step-off" extending four feet into the sidewalk area from the building line of landlord Ann-Gur's corner-lot building and the entrance to commercial tenant Almanzar's bodega. Plaintiffs' General Municipal Law § 205-a claim, predicated upon Administrative Code of City of NY §§ 27-127 and 27-128 (since repealed and recodified at Administrative Code § 28-301.1), and, belatedly, 34 RCNY 2-09 (f), should be dismissed as against Almanzar because these statutory provisions are not applicable to lessees (*Zvinys v Richfield Inv. Co.*, 25 AD3d 358, 360 [1st Dept 2006], *lv denied* 7 NY3d 706 [2006]). Contrary to Ann-Gur's contention, Almanzar raised this ground for dismissal in the motion court.

Ann-Gur's cross claims against Almanzar for contribution and indemnification also should be dismissed. The lease provided that Ann-Gur was responsible for all structural repairs

to the premises, and obligated Almanzar to indemnify Ann-Gur only for losses arising out of his or his agents' negligent acts or omissions or in connection with his occupation of the sidewalk. There is no evidence that plaintiff's injuries arose in connection with negligence on the part of Almanzar or his agents or any occupation by him of the sidewalk. Nor, contrary to Ann-Gur's contention, does Almanzar's undertaking to sweep, remove snowfall from and paint the sidewalk entitle it to common-law indemnification in connection with the instant plaintiff's injuries.

While Ann-Gur is not entitled to contribution or indemnification by Almanzar, its cross claim for breach of contract based on Almanzar's failure to name it as an additional insured on his general liability policy is viable to the extent of out-of-pocket damages caused by the breach, i.e., the purchase cost of the insurance Ann-Gur procured for itself, the premiums and any additional costs such as deductibles, co-payments, and increased future premiums (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111 [2001]; *Cucinotta v City of New York*, 68 AD3d 682 [1st Dept 2009]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.