■ DORIS WAHL, Plaintiff, v JCNYC, LLC, Appellant, and CITIBANK, N.A., Respondent. [20 NYS3d 65]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about June 6, 2014, which, to the extent appealed from as limited by the briefs, denied defendant JCNYC, LLC's cross motion for summary judgment on its cross claim for contractual indemnification from defendant Citibank, N.A. (Citi), granted Citi's motion for summary judgment dismissing JCNYC's cross claim, and conditionally granted Citi summary judgment on its cross claim for contractual indemnification, unanimously reversed, on the law, without costs, JCNYC's cross motion granted, and Citi's motion denied.

Plaintiff seeks damages for personal injuries she sustained in 2011, when she tripped and fell on the sidewalk in front of a Citibank branch building located in Manhattan. Plaintiff testified that she tripped over a raised portion of the sidewalk and that the defect had existed for at least 10 years. On the date of the incident, JCNYC was the owner and landlord of the building, and Citi was the tenant, pursuant to a lease dated April 9, 2008. Citi had been the prior owner of the building.

JCNYC and Citi each moved for summary judgment on their cross claims against each other for, among other things, contractual indemnification, arguing that the other was responsible for maintenance and repair of the sidewalk.

We find that JCNYC is entitled to summary judgment, and Citi is not.

Although the "Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on the owner of the abutting premises to maintain and repair the sidewalk" (*Collado v Cruz*, 81 AD3d 542, 542 [1st Dept 2011]), a "tenant may be held liable to the owner for damages resulting from a violation of . . . [a] lease, which imposed on the tenant the obligation to repair or replace the sidewalk in front of [the property]" (*id.*).

Here, section 10.1 of the lease required Citi to comply with

"all Laws which shall be applicable to the Premises, or any part thereof, . . . including, without limitation, Laws requiring the sidewalk adjacent to the Premises to be kept clear of obstructions or hazards (e.g., snow)." That section also provided that Citi "shall, at its sole cost and expense, be responsible for curing any violations of Law applicable to the Premises that existed on or prior to the Term." This language obligated Citi to fix any defects in the sidewalk that existed on or prior to the beginning of the lease term, including the defect at issue here.

Although section 9.1 of the lease required JCNYC to "maintain and repair the structural elements of the Premises, both exterior and interior," and although sidewalks are considered structural elements (*see e.g. Cucinotta v City of New York*, 68 AD3d 682, 684 [1st Dept 2009]), when reading the lease as a whole and giving meaning to all of its terms (*see 150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 6 [1st Dept 2004]), it is clear that JCNYC was only responsible for fixing defects in the sidewalk that arose after the beginning of the lease term.

Because plaintiff's accident arose out of Citi's failure to fulfill its obligations under the lease, pursuant to section 12.5 of the lease, Citi must indemnify JCNYC, but JCNYC is not required to indemnify Citi. Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ. **[Prior Case History: 2014 NY Slip Op 31458(U).]**