Mannapova v Aufrichtig (2020 NY Slip Op 04738)





Mannapova v Aufrichtig


2020 NY Slip Op 04738


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-02778
 (Index No. 7380/15)

[*1]Lyudmila Mannapova, plaintiff, 
v
Nancy Aufrichtig, et al., defendants third-party plaintiffs-appellants, et al., defendants; Pharmacy Depot, LLC, third-party defendant-respondent.


Walsh Markus McDougal & DeBellis, LLP, Garden City, NY (Claudio DeBellis of counsel), for defendants third-party plaintiffs-appellants.
White & McSpedon, P.C., New York, NY (Zena Goldszer of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated January 16, 2019. The order, insofar as appealed from, granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she tripped and fell on a raised portion of a sidewalk. She commenced this action to recover damages for personal injuries against the owners of the adjoining property, Nancy Aufrichtig, Aufrichtig Brothers, Inc. (hereinafter together the Aufrichtig defendants), and Organic Health Management. The Aufrichtig defendants, as landlords, then commenced a third-party action against the first-floor tenant of the premises, Pharmacy Depot, LLC (hereinafter Pharmacy Depot), seeking contractual indemnification.
Pharmacy Depot moved for summary judgment dismissing the third-party complaint, and the Aufrichtig defendants cross-moved for summary judgment on the third-party complaint. The Supreme Court granted Pharmacy Depot's motion and denied the Aufrichtig defendants' cross motion. The Aufrichtig defendants appeal from so much of the order as granted Pharmacy Depot's motion. We affirm.
The subject lease required Pharmacy Depot to maintain the premises and adjoining sidewalks "in a good and clean order and condition and in such condition as may be required by all Legal Requirements and Insurance Requirements, and promptly shall make all necessary or appropriate nonstructural repairs." However, the defect in issue, a raised portion of the sidewalk, was a structural defect (see Wahl v JCNYC, LLC, 133 AD3d 552, 553; Berkowitz v Dayton Constr., 2 AD3d 764, 765-766), not a nonstructural defect which Pharmacy Depot was required to remedy pursuant to the lease. Further, Administrative Code of the City of New York § 7-210 requires the [*2]owner landlord, not the tenant, to keep the sidewalk in reasonably safe condition. That section does not impose any obligation on the tenant (see O'Brien v Prestige Bay Plaza Dev. Corp., 103 AD3d 428, 429).
The alleged defect was purportedly present when Pharmacy Deport took possession of the property in an "as-is" condition. However, a duty to maintain does not impose a duty to correct pre-existing structural conditions (see Cast Iron Co., LLC v Cast Iron Corp., 177 AD3d 492).
Accordingly, Pharmacy Depot established its prima facie entitlement to judgment as a matter of law by establishing that it did not breach any duty owed to the Aufrichtig defendants. In opposition, the Aufrichtig defendants failed to raise a triable issue of fact.
The Aufrichtig defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting Pharmacy Depot's motion for summary judgment dismissing the third-party complaint.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court