Negron v Marco Realty Assoc., L.P. (2020 NY Slip Op 05688)





Negron v Marco Realty Assoc., L.P.


2020 NY Slip Op 05688


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Index No. 300919/2016 Appeal No. 12035 Case No. 2020-00030 

[*1]Arlene Torres Negron, Plaintiff-Respondent,
v
Marco Realty Associates, L.P., Defendant-Respondent, Gamestop Corp., et al., Defendants-Appellants.


Raven & Kolbe, LLP, New York (John J. Phelan of counsel), for appellants.
Law Offices of Eric H. Green & Associates, New York (Seth M. Katz of counsel), for Arlene Torres Negron, respondent.
Cascone & Kluepfel, LLP, Garden City (Pamela Wolff Cohen of counsel), for Marco Realty Associates, L.P., respondent.



Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered on or about November 15, 2019, which, to the extent appealed from, denied defendants-appellants' motion for summary judgment dismissing defendant Marco Realty Associates, L.P.'s crossclaim against it, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff sued defendant-landlord Marco Realty Associates, L.P. and defendant-tenant GameStop for damages arising from personal injuries she sustained when she tripped in a hole on the sidewalk adjacent to the premises. The parties do not dispute that the defect that caused plaintiff's accident was structural and that Marco Realty's crossclaim against GameStop for contractual indemnification fails if GameStop was not contractually obligated to make structural sidewalk repairs (see Administrative Code of the City of New York § 7-210; Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 169 [2019]; Wahl v JCNYC, LLC, 133 AD3d 552, 552-553 [1st Dept 2015]).
Article 30 of the lease broadly requires that GameStop make all repairs, and maintain the sidewalk. However, article 12 of the rider requires that GameStop repair and maintain only the non-structural elements of the premises, and explicitly obligates Marco Realty to repair and maintain structural elements. Marco Realty does not dispute that article 12 pertains to the sidewalk. Article 26 of the rider clearly states that where there is a conflict between the terms of the lease and rider, the rider controls. Accordingly, article 12 of the rider controls and Marco Realty's crossclaim against GameStop fails (see Cucinotta v City of New York, 68 AD3d 682, 684 [1st Dept 2009]; cf. Collado v Cruz, 81 AD3d 542 [1st Dept 2011]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020