Diop v Getty Sq. Realty LLC (2021 NY Slip Op 06036)





Diop v Getty Sq. Realty LLC


2021 NY Slip Op 06036


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Index No. 31700/17E Appeal No. 14535 Case No. 2021-00225 

[*1]Seni Diop, Plaintiff-Respondent,
v
Getty Square Realty LLC, et al., Defendants-Respondents. Hamidi Corp. Doing Business as Yonkers Fried Chicken, Defendant-Appellant.


Devitt Spellman Barrett, LLP, Smithtown (Christi M. Kunzig of counsel), for appellant.
Greenberg Law PC, New York (Robert J. Menna of counsel), for Seni Diop, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York ("Elie" Ian Marc Herman of counsel), for Getty Square Realty LLC and ES Acquisition Corp., respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered October 21, 2020, which denied defendant Hamidi Corp.'s motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Hamidi demonstrated prima facie that it did not place asphalt on the sidewalk to cover a hole in front of its restaurant. Its owner testified that defendant Getty, the landlord, was responsible for structural sidewalk repairs, and that Hamidi never hired anyone to perform such repairs. That testimony was supported by a witness that was on the scene at the time of the accident and who worked for Getty at times. The witness stated that Getty made repairs to the sidewalk, Hamidi never repaired the sidewalk, and that a specific contractor hired by Getty might have put down the asphalt patch that plaintiff testified caused her accident. Respondents failed to present evidence to raise an issue of fact whether Hamidi repaired a hole in the sidewalk with an asphalt patch.
The landlord respondents assert that the lease made Hamidi responsible for sidewalk repairs. However, paragraph 4 of the lease made Getty responsible for structural repairs to the sidewalk. Patching a hole in the sidewalk was a structural repair for which Getty was responsible under the lease (see Negron v Marco Realty Assoc, L P, 187 AD3d 511 [1st Dept 2020]; Wahl v JCNYC, LLC, 133 AD3d 552, 553 [1st Dept 2015]).
Similarly, the court should have dismissed all cross claims against Hamidi because no evidence was presented that raised a triable issue of fact concerning its negligence or breach of its contractual or common-law obligation to indemnify Getty or for contribution (see McLaughlin v Ann-Gur Realty Corp., 107 AD3d 469, 470 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021