3650 White Plains Corp. v Mama G. African Kitchen Inc. (2022 NY Slip Op 03065)

3650 White Plains Corp. v Mama G. African Kitchen Inc.

2022 NY Slip Op 03065

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

Index No. 656449/20 Appeal No. 15923 Case No. 2021-03600 

[*1]3650 White Plains Corp. et al., Plaintiffs-Appellants,
v
Mama G. African Kitchen Inc., Defendant, Utica First Insurance Company, Defendant-Respondent.

Rivkin Radler LLP, Uniondale (Joanne M. Engeldrum of counsel), for appellants.
Farber Brocks & Zane L.L.P. Garden City (Joseph K. Poe of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 3, 2021, which denied plaintiffs' motion for partial summary judgment declaring that defendant Utica First Insurance Company has a primary duty to defend plaintiff 3650 White Plains Corp. (White Plains) as an additional insured under a policy issued by Utica First to defendant Mama G. African Kitchen Inc. (Mama G.) in an underlying personal injury action, unanimously affirmed, with costs.
Plaintiff 3650 White Plains owns a commercial building located at 3650 White Plains Road, Bronx, New York, and leases the corner retail space to defendant Mama G. pursuant to a lease agreement. Plaintiff Seneca issued a commercial general liability policy to White Plains, that provided coverage for the premises with respect to liability for bodily injury. Utica First issued a policy to defendant Mama G. that provided similar coverage for the leased premises. A policy endorsement identified plaintiff White Plains as an additional insured with respect to liability for bodily injury.
On July 30, 2019, the underlying plaintiffs commenced a personal injury action against Mama G. and White Plains. The underlying plaintiffs alleged that the infant was injured when he tripped and fell on the sidewalk because of a dangerous, hazardous, defective condition. The bill of particulars specified that the infant "was caused to trip and fall due to a defective, raised, cracked sidewalk located at the premises." Plaintiffs 3650 White Plains and Seneca then commenced this declaratory judgment action seeking a declaration that defendant Utica First has a duty to defend White Plains in the underlying personal injury action. Supreme Court denied plaintiffs' motion for summary judgment.
Supreme Court properly denied the motion because plaintiffs have not established that there is a reasonable possibility that coverage for White Plains, under the Utica First policy, is implicated by the underlying personal injury action. To avoid its duty to defend, an insurer must show, "as a matter of law[,] that there is no possible factual or legal basis on which the insurer might eventually be held to be obligated to indemnify the insured under any provision of the insurance policy" (Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d 419, 424 [1985] [internal quotation marks and brackets omitted]). If anything within the "four corners of the complaint suggest[s] . . . a reasonable possibility of coverage," the insurer must defend, even though it may not ultimately be bound to pay because the insured may not be liable (Continental Cas. Co. v Rapid—American Corp., 80 NY2d 640, 648 [1993]; see Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65—66 [1991]).
Here, the policy endorsement titled "Additional Insureds — Lessor of Premises" identified White Plains as an additional insured with respect to liability for bodily injury: "a. for which "you" [Mama G.] are legally liable; and b. caused, [*2]in whole or in part, by "your" acts or omissions or the acts or omissions of those acting on "your" behalf in connection with that part of the premises . . ." The Court of Appeals has held that when an endorsement providing additional insured coverage, as here, "is restricted to liability for any bodily injury caused . . . by the acts or omissions of the named insured, the coverage applies to injury proximately caused by the named insured" (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 317 [2017] [internal quotation marks omitted]). Such endorsement, the Court of Appeals explained, is "intended to provide coverage for an additional insured's vicarious or contributory negligence, and to prevent coverage for the additional insured's sole negligence" (id. at 326).
In this case, the underlying complaint does not implicate Mama G.'s acts or omissions as the proximate cause of the underlying plaintiff's injuries. As amplified by the bill of particulars, the complaint specified that the plaintiff was injured as a result of the "defective, raised, cracked sidewalk." However, responsibility under the law for such structural defects in the sidewalk lies with the landlord (see Administrative Code of City of NY § 7-210; Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 169 [2019]; Wahl v JCNYC, LLC, 133 AD3d 552, 552-553 [1st Dept 2015]). Nor does the lease shift responsibility for repair of such structurally defective sidewalk from the landlord to the tenant.
Section 13 of the lease requires the tenant to repair and maintain only nonstructural elements of the premises and explicitly imposes a duty on the landlord to repair and maintain structural elements of the premises. While the language of Section 13 is limited to the "premises" and does not explicitly mention the sidewalk at all, Section 16 of the lease does limit the tenant's duty with regard to the sidewalk, namely to "maintain in good condition, and keep clean and free from dirt, rubbish, litter, snow, ice and other obstructions or encumbrances, the sidewalk and gutter of the Leased Premises at its own cost and expense." Such section does not require the tenant to make structural repairs to the sidewalk. Since the lease does not require Mama G. to perform repairs of structural defects, or to be responsible for maintaining the sidewalks free from structural defects, there is no reasonable possibility that Mama G's acts or omissions were a proximate cause of the underlying plaintiff's injuries so as to trigger additional insured coverage under the Utica First policy (see Negron v Marco Realty Assoc., L.P., 187 AD3d 511, 511 [1st Dept 2020]; Cucinotta v City of New York, 68 AD3d 682, 684 [1st Dept 2009]). Thus, Utica First has no duty to defend White Plains Road. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022