| **Cucchiarella v Tishman Interiors Corp.** |
|:---:|
| 2025 NY Slip Op 31940(U) |
| June 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152245/2021 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. SABRINA KRAUS**              PART                    57M

                                *Justice*

-------------------------------------------------------------------------X

LUCIAN CUCCHIARELLA,                            INDEX NO.          152245/2021

                          Plaintiff,            MOTION DATE        03/10/2025

            -against-                           MOTION SEQ. NO.       004

TISHMAN INTERIORS CORPORATION, OAC 550
OWNER, LLC, and ADCO ELECTRIC d/b/a ADCO        **DECISION + ORDER ON**
ELECTRICAL CORP.,                                     **MOTION**

                          Defendants.

-------------------------------------------------------------------------X

TISHMAN INTERIORS CORPORATION and OAC 550              Third-Party
OWNER, LLC,                                     Index No.  595581/2022

                 Third-Party Plaintiffs,

            -against-

ADCO ELECTRIC d/b/a ADCO ELECTRICAL CORP.,

                 Third-Party Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 181, 182, 183

were read on this motion for                    SUMMARY JUDGMENT                    .

This is an action to recover for a workplace accident that occurred on December 18, 2020 at 550 Madison Avenue, New York, New York.  Defendants/third-party plaintiffs Tishman Interiors Corporation (Tishman) and OAC 550 Owner, LLC (Owner) move, pursuant to CPLR 3212, for summary judgment dismissing plaintiff's Labor Law §§ 240 (1), 241 (6), and 200 and common-law negligence claims.  In addition, Tishman and Owner move for summary judgment on their third-party claims for contractual indemnification, common-law indemnification, contribution, and breach of contract for failure to procure insurance against defendant/third-party

[* 1]

defendant ADCO Electric d/b/a ADCO Electrical Corp. (ADCO). Finally, Tishman and Owner seek dismissal of all cross-claims and counterclaims against them.

## BACKGROUND

Familiarity with the court's decision and order dated May 13, 2025 in this case is presumed. Briefly, Owner was the fee owner of the premises on the date of the accident (NYSCEF Doc No. 123, verified answer, ¶ 6). By construction management agreement dated June 21, 2019, Owner retained Tishman as a construction manager to renovate, reconstruct, reposition, and construct a commercial mixed-use building on the premises (NYSCEF Doc No. 127). Tishman retained plaintiff's employer, D'Aprile Inc., the masonry contractor (NYSCEF Doc No. 128), and ADCO, the electrical contractor (NYSCEF Doc No. 129).

On the date of the accident, plaintiff was preparing a wall to be waterproofed with caulking (NYSCEF Doc No. 131, plaintiff tr at 40, 43, 36). Plaintiff testified that, while he was preparing the wall about midway up a ladder, "it was like someone kicked the ladder from underneath [him]," which caused his legs to swing sideways and him to land on his right hip on the concrete floor (*id.* at 47, 54). He further testified that "it felt like the ladder shot out from underneath [him] and then [he] was falling" (*id.* at 110). He stated that no one was holding the ladder (*id.* at 57). He further stated that he was not reaching or leaning when he was on the ladder (*id.* at 55). Plaintiff testified that the ladder seemed "pretty stable," and did not see anything wrong with the ladder before or after the accident (*id.* at 53, 57, 58, 63). Plaintiff had never heard of ADCO (*id.* at 99).

ADCO's foreman, Chris Marchisotto (Marchisotto), testified that it tagged its ladders with an "ADCO" stencil (NYSCEF Doc No. 134, Marchisotto tr at 33, 53, 61). Marchisotto was told the day after the accident that plaintiff was using one of ADCO's ladders (*id.* at 50-51).

**152245/2021   CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION**
**Motion No.  004**

**Page 2 of 13**

2 of 13

[* 2]

ADCO did not allow employees of other companies to use its ladders (*id.* at 42). Marchisotto further testified that if he saw plaintiff using ADCO's ladder, he would have told him to get off the ladder (*id.* at 56). Marchisotto stated that he locked up ADCO's ladders when they were not being used (*id.* at 43).

After the accident, the site safety manager took a photograph of the ladder that plaintiff was using, which contained an "ADCO" marking on it (NYSCEF Doc No. 133, Keeley tr at 9, 36, 40).

Plaintiff's foreman, Nick Cucchiarella, provided a statement dated January 5, 2021, indicating that "plaintiff was standing on 8 ft, A-frame, fiberglass ladder. This ladder is owned by ADCO" (NYSCEF Doc No. 179 at 1).

Plaintiff commenced this action against Tishman and Owner, among others, asserting claims for violations of Labor Law §§ 200, 240, and 241 and for common-law negligence (NYSCEF Doc No. 1).

Tishman and Owner then commenced a third-party action against ADCO, asserting claims for: (1) breach of contract; (2) contribution; (3) common-law indemnification; and (4) contractual indemnification (NYSCEF Doc No. 24).

Plaintiff then commenced a separate action against ADCO under index No. 162046/23, asserting the same claims (NYSCEF Doc No. 1, complaint in index No. 162046/23).

By order dated February 22, 2024, the court consolidated this action with index No. 162046/23 under this index number pursuant to the parties' stipulation dated February 14, 2024 (NYSCEF Doc No. 50).

By decision and order dated May 13, 2025, the court granted plaintiff's motion for partial summary judgment under Labor Law § 240 (1) as against Tishman and Owner (*Cucchiarella v*

152245/2021 CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION Page 3 of 13
Motion No. 004

3 of 13

*Tishman Interiors Corp.*, 2025 NY Slip Op 31759[U], *17-18 [Sup Ct, NY County 2025]).  In addition, the court dismissed the third-party claims for common-law indemnification and contractual indemnification against ADCO (*id.* at *21-28).

## DISCUSSION

It is well established that "[t]he proponent of summary judgment must establish its defense or cause of action sufficiently to warrant a court's directing judgment in its favor as a matter of law" (*Ryan v Trustees of Columbia Univ. in the City of N.Y., Inc.*, 96 AD3d 551, 553 [1st Dept 2012] [internal quotation marks and citation omitted]).  "Thus, the movant bears the burden to dispel any question of fact that would preclude summary judgment" (*id.*).  "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).  "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

**Labor Law § 241 (6)**

At the outset, plaintiff concedes that this is "not a Labor Law § 241 (6) case" (NYSCEF Doc No. 146 at 5).  Accordingly, plaintiff's section 241 (6) claim is dismissed.

**Labor Law § 200 and Common-Law Negligence**

Tishman and Owner argue that plaintiff's Labor Law § 200 and common-law negligence claims must be dismissed because they did not supervise the methods of plaintiff's work and did not have notice of any defective condition of the ladder.

**152245/2021   CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION**                **Page 4 of 13**
  **Motion No.  004**

4 of 13

Plaintiff counters that Tishman and Owner have failed to meet their burden with respect to his Labor Law § 200 and common-law negligence claims. He argues that they do not offer any evidence refuting plaintiff's claims that they were negligent in "failing to properly supervise the area and the work about said area; in failing to hold safety meetings; in failing to have an OSHA compliance officer on premises; and in placing plaintiff in a position of danger" (NYSCEF Doc No. 146 at 3). According to plaintiff, Tishman was responsible for supervising the work pursuant to its contract, and was on site daily.

Labor Law § 200 (1), "a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]), provides as follows:

> "All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons. The board may make rules to carry into effect the provisions of this section."

Liability under Labor Law § 200 "generally falls into two broad categories: instances involving the manner in which the work is performed, and instances in which workers are injured as a result of dangerous or defective premises conditions at a work site" (*Abelleira v City of New York*, 120 AD3d 1163, 1164 [2d Dept 2014]). Fundamentally, "section 200 does not impose vicarious liability on owners and general contractors" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 145 [1st Dept 2012]). "Where the worker is injured as a result of the manner in which the work is performed, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*Castro v Brito*, 235 AD3d 527, 529 [1st Dept 2025], quoting *Prevost v One City Block, LLC*, 155 AD3d

531, 533-534 [1st Dept 2017]). On the other hand, "[w]here an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*Cappabianca*, 99 AD3d at 144 [internal quotation marks and citation omitted]).

A defective ladder provided by an owner implicates the premises condition standard (*see Higgins v 1790 Broadway Assoc.*, 261 AD2d 223, 225 [1st Dept 1999] ["As it was reasonably foreseeable that a worker might use the defective ladder and sustain injury, its presence in the building clearly constituted a dangerous condition"]; *accord Chowdhury v Rodriguez*, 57 AD3d 121, 131-132 [2d Dept 2008] ["when a defendant property owner lends allegedly dangerous or defective equipment to a worker that causes injury during its use, the defendant moving for summary judgment must establish that it neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defective condition"]).

Here, there is no evidence that the ladder was defective or that it was provided by Owner (*cf. Castro*, 235 AD3d at 529). Plaintiff testified that he did not see anything wrong with the ladder before or after the accident (NYSCEF Doc No. 131, plaintiff tr at 53-54, 57, 58, 63). ADCO's general foreman testified that ADCO was still using the ladder after the accident, and that "it was a very good, brand new ladder" (NYSCEF Doc No. 134, Marchisotto tr at 51, 55). Thus, this case implicates the means and methods standard, not the premises condition standard (*see Breslin v Macy's, Inc.*, 211 AD3d 569, 569-570 [1st Dept 2022]).

Applying this standard, Tishman and Owner have demonstrated that they did not actually supervise the work that caused plaintiff's injury. Plaintiff testified that he received all of his instructions from his foreman and never had any interactions with Tishman (NYSCEF Doc No.

**152245/2021 CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION** Page 6 of 13
Motion No. 004

6 of 13

131, plaintiff tr at 38, 42). He stated that "it was very common just to use whatever ladder there was right there within your arm's reach" (*id.* at 47).

Plaintiff has failed to raise an issue of fact as to Tishman and Owner's supervision over the injury-producing work. It is well established that general supervision is insufficient to demonstrate supervisory control; monitoring and oversight of the timing and quality of the work, mere presence on the job site, and a general duty to ensure compliance with safety regulations, are insufficient to impose liability under section 200 or in common-law negligence (*see Phillip v 525 E. 80th St. Condominium*, 93 AD3d 578, 579-580 [1st Dept 2012]; *Paz v City of New York*, 85 AD3d 519, 519-520 [1st Dept 2011]; *Dalanna v City of New York*, 308 AD2d 400, 400 [1st Dept 2003]). That Tishman may have had contractual authority to supervise the work or stop the work does not show that it actually supervised the work (*see Bisram v Long Is. Jewish Hosp.*, 116 AD3d 475, 476 [1st Dept 2014]; *Reilly v Newireen Assoc.*, 303 AD2d 214, 221 [1st Dept 2003], *lv denied* 100 NY2d 508 [2003]).

In view of the above, plaintiff's Labor Law § 200 and common-law negligence claims against Tishman and Owner are dismissed.

**Labor Law § 240 (1)**

Tishman and Owner move for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, arguing that the ladder that plaintiff was using was an adequate device for the work that plaintiff was performing. Tishman and Owner contend that the ladder was in proper working condition at the time of the accident. Tishman and Owner also maintain that plaintiff was the sole proximate cause of the accident. They assert, relying on the opinion of their expert engineer, that the only possible explanation for the accident is that plaintiff leaned out too far from the ladder (NYSCEF Doc No. 136, Knox aff, ¶¶ 12-13).

152245/2021   CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION          Page 7 of 13
  Motion No.  004

7 of 13

Plaintiff argues, in opposition, that he is not required to show that the ladder was defective to recover under section 240 (1). Plaintiff further argues that defendants' engineer only speculates as to the cause of the accident, and defendants fail to point to any misuse of the ladder or egregious conduct.

"It is sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent" (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 291 [1st Dept 2002]). the court has already determined, defendants violated Labor Law § 240 (1) by failing to secure the ladder against movement (*see Duran v ERY Retail Podium LLC, --* AD3d *--* , 2025 NY Slip Op 03246, *1 [1st Dept 2025]; *Rivera v 71 Fifth Ave. Owner LP*, 229 AD3d 401, 402 [1st Dept 2024] ["plaintiff's testimony that he was not provided with any other safety protection except an unsecured ladder, which fell along with plaintiff when both were hit by the duct, established prima facie entitlement to judgment as a matter of law"]). Plaintiff was not required to demonstrate that the ladder was defective (*see Rodas-Garcia v NYC United LLC*, 225 AD3d 556, 556 [1st Dept 2024]).

Even if plaintiff leaned or reached out while standing on the ladder, this conduct would constitute, at most, comparative negligence, which is not a defense to absolute liability under section 240 (1) (*see Suazo v 501 Madison-Sutton LLC*, 235 AD3d 513, 513 [1st Dept 2025] ["Defendants' argument that plaintiff's reaching or leaning while atop the ladder constituted the sole proximate cause of his accident is not persuasive"]). Accordingly, Tishman and Owner are not entitled to dismissal of plaintiff's Labor Law § 240 (1) claim.

**152245/2021   CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION**
  **Motion No.  004**

**Page 8 of 13**

8 of 13

[* 8]

### Tishman and Owner's Common-Law
### Indemnification and Contribution Claims Against ADCO

Tishman and Owner move for common-law indemnification and contribution against ADCO, arguing that they are not liable to plaintiff, and that ADCO negligently failed to secure its ladder. In opposition, ADCO asserts that it was not negligent, and that plaintiff's accident had nothing to do with its work.

Here, Tishman and Owner are not entitled to common-law indemnification or contribution from ADCO (*see Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012]; *Godoy v Abamaster of Miami*, 302 AD2d 57, 61 [2d Dept 2003], *lv dismissed* 100 NY2d 614 [2003]). As the court has already held, ADCO has demonstrated that it was not negligent and that it did not exercise supervision and control over the injury-producing work. Assuming that plaintiff was using ADCO's ladder, there is no evidence that ADCO was negligent or that it was foreseeable that plaintiff would be injured while using ADCO's ladder (*see Scekic v SL Green Realty Corp.*, 132 AD3d 563, 565-566 [1st Dept 2015]). Marchisotto testified that he was unaware that plaintiff was using its ladder and that he would not have allowed plaintiff to use its ladder (NYSCEF Doc No. 134, Marchisotto tr at 52, 61). Therefore, the branch of Tishman and Owner's motion seeking common-law indemnification and contribution from ADCO is denied.

### Tishman and Owner's Contractual Indemnification Claim Against ADCO

Tishman and Owner also request contractual indemnification from ADCO. They assert that ADCO agreed to indemnify Tishman and Owner for any actions arising in part out of the active or passive negligence of Tishman or its indemnitees, as long as the claim does not arise out of the sole negligence of Tishman or its indemnitees. ADCO argues, in opposition, that plaintiff's accident did not arise out of any act or omission of ADCO or anyone working for ADCO.

152245/2021   CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION          Page 9 of 13
 Motion No.  004

9 of 13

[* 9]

Tishman and Owner's request for contractual indemnification from ADCO is denied (*see DiBrino v Rockefeller Ctr. N., Inc.*, 230 AD3d 127, 136 [1st Dept 2024] [dismissing contractual indemnification claim where it was "undisputed that plaintiff was not DAL's employee or agent" and there was no "record evidence that plaintiff was injured as a result of a DAL employee's performance or completion of a task that DAL was contractually obligated to do"]).  As the court has explained, the indemnification provision in ADCO's subcontract requires ADCO to indemnify Tishman and Owner against "all claims or causes of action, damages, losses and expenses, including but not limited to attorneys' fees . . . arising out of or resulting from the acts or omissions of Contractor or anyone for whose acts Contractor may be liable in connection with the Contract Documents, the performance of, or failure to perform, the Work, or the Contractor's operation" (NYSCEF Doc No. 129 at 5).  Even if ADCO owned the ladder, there is no evidence that plaintiff's accident arose out of the performance or failure to perform its work (*see DiBrino*, 230 AD3d at 136).  Accordingly, Tishman and Owner are not entitled to contractual indemnification from ADCO.

**Tishman and Owner's Failure to Procure Insurance Claim Against ADCO**

Tishman and Owner move for summary judgment on their breach of contract claim against ADCO.  Tishman and Owner assert that ADCO failed to procure insurance naming them as additional insureds on a primary, non-contributory basis.

In response, ADCO contends that it did not breach its contract because it procured a commercial general liability policy naming both Tishman and Owner as additional insureds, with limits of $5,000,000 per occurrence and in the aggregate (NYSCEF Doc No. 101).

It is well established that an agreement to procure insurance is distinct from an agreement to indemnify (*see Kinney v Lisk Co.*, 76 NY2d 215, 218 [1990]).  Where there is a breach of an

**152245/2021   CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION**
  Motion No.  004

Page 10 of 13

10 of 13

agreement to procure insurance, the breaching party is responsible for all "resulting damages, including the liability [of the general contractor and the site owner] to [the] plaintiff" (*Kennelty v Darlind Constr.*, 260 AD2d 443, 445 [2d Dept 1999] [internal quotation marks and citation omitted]). By contrast, where the promisee has its own insurance coverage, recovery for breach of a contract to procure insurance is limited to the promisee's out-of-pocket expenses in obtaining and maintaining such insurance, i.e., the premiums and any additional costs incurred such as deductibles, co-payments, and increased future premiums (*Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111, 114 [2001]; *McLaughlin v Ann-Gur Realty Corp.*, 107 AD3d 469, 470 [1st Dept 2013]; *Cucinotta v City of New York*, 68 AD3d 682, 684 [1st Dept 2009]).

"'A party moving for summary judgment on its claim for failure to procure insurance meets its prima facie burden by establishing that a contract requiring the procurement of insurance was not complied with'" (*Dorset v 285 Madison Owner LLC*, 214 AD3d 402, 404 [1st Dept 2023], quoting *Benedetto v Hyatt Corp.*, 203 AD3d 505, 506 [1st Dept 2022]). Stated differently, the moving party is "required to show via testimonial or documentary evidence from [the subcontractor's] insurer that they were not named as insureds on any policies issued" (*Lucas v City of New York*, 236 AD3d 523, 526 [1st Dept 2025]; *accord Dorset*, 214 AD3d at 404 ["A moving party may make that showing by submitting, for example, copies of the contract requiring the procurement of insurance and of correspondence from the insurer of the party against whom summary judgment is sought indicating that the moving party was not named as an insured on any policies issued"]; *DiBuono v Abbey, LLC*, 83 AD3d 650, 652 [2d Dept 2011]).

In this case, Tishman and Owner have failed to meet their prima facie burden on their failure to procure insurance claim. It is undisputed that ADCO's trade contract required it to procure a commercial general liability insurance policy naming Tishman and Owner as

152245/2021 CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION
Motion No. 004

Page 11 of 13

11 of 13

additional insureds. However, Tishman and Owner only make a conclusory assertion in their moving papers that "ADCO has failed to procure the insurance required under the applicable contract and has not responded to Defendants/Third-Party Plaintiffs' tender letters" (NYSCEF Doc No. 121 at 16). Tishman and Owner's "unsubstantiated statements that [ADCO] lacked the requisite insurance did not meet their prima facie burden" (*Lucas*, 236 AD3d at 526). Therefore, the branch of Tishman and Owner's motion seeking summary judgment on their breach of contract claim must be denied, "regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853).

### Tishman and Owner's Request for Dismissal of "All Cross-Claims and Counterclaims" Against Them

Finally, Tishman and Owner request dismissal of "all cross-claims and counterclaims" (NYSCEF Doc No. 121 at 16). Tishman and Owner have failed to meet their burden, as they fail to explain what these claims are and why they should be dismissed (*see Winegrad*, 64 NY2d at 853).

### CONCLUSION

Accordingly, it is

**ORDERED** that the branch of the motion (sequence number 004) of defendants/third-party plaintiffs Tishman Interiors Corporation and OAC 550 Owner, LLC seeking dismissal of plaintiff's Labor Law § 240 (1) claim is denied; and it is further

**ORDERED** that the branches of the motion (sequence number 004) of defendants/third-party plaintiffs Tishman Interiors Corporation and OAC 550 Owner, LLC seeking dismissal of plaintiff's Labor Law § 241 (6), Labor Law § 200, and common-law negligence are granted, and said claims are dismissed; and it is further

**152245/2021   CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION**
**Motion No.  004**

**Page 12 of 13**

12 of 13

**ORDERED** that the branches of the motion (sequence number 004) of defendants/third-party plaintiffs Tishman Interiors Corporation and OAC 550 Owner, LLC for summary judgment on their third-party claims for common-law indemnification, contribution, contractual indemnification, and failure to procure insurance are denied; and it is further

**ORDERED** that the branch of the motion (sequence number 004) of defendants/third-party plaintiffs Tishman Interiors Corporation and OAC 550 Owner, LLC for summary judgment dismissing all cross-claims and counterclaims against them is denied.

This constitutes the decision and order of the Court.

20250602151307SBKRAUS05716F0B0A284076BBBCD38CCDADFB37

| | |
|---|---|
| **6/2/2025** | |
| **DATE** | **SABRINA KRAUS, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152245/2021  CUCCHIARELLA, LUCIAN vs. TISHMAN CONSTRUCTION**
**Motion No. 004**

**Page 13 of 13**

13 of 13