Arnold v RJJR Corp. (2025 NY Slip Op 04534)

Arnold v RJJR Corp.

2025 NY Slip Op 04534

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-06708
 (Index No. 617366/19)

[*1]Barbara Arnold, plaintiff, 
v
RJJR Corp., appellant, SF Beach Spa, LLC, doing business as Beachbum Tanning, respondent, et al., defendants (and third-party actions).

Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola, NY (Angelo J. Bongiorno of counsel), for appellant.
Leon R. Kowalski, Jericho, NY (Mary C. Azzaretto of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant RJJR Corp. appeals from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), dated June 20, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendant SF Beach Spa, LLC, doing business as Beachbum Tanning, which were for summary judgment dismissing the cross-claims of the defendant RJJR Corp. for contractual indemnification and, in effect, alleging breach of a lease agreement insofar as asserted against it and denied the cross-motion of the defendant RJJR Corp. for summary judgment on its cross-claim for contractual indemnification insofar as asserted against the defendant SF Beach Spa, LLC, doing business as Beachbum Tanning.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant SF Beach Spa, LLC, doing business as Beachbum Tanning, which was for summary judgment dismissing the cross-claim of the defendant RJJR Corp. for contractual indemnification insofar as asserted against it, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying the cross-motion of the defendant RJJR Corp. for summary judgment on its cross-claim for contractual indemnification insofar as asserted against the defendant SF Beach Spa, LLC, doing business as Beachbum Tanning, and substituting therefor a provision granting the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant RJJR Corp.
In December 2019, the plaintiff commenced this action against, among others, RJJR Corp. (hereinafter RJJR) and SF Beach Spa, LLC, doing business as Beachbum Tanning (hereinafter Beachbum), to recover damages for personal injuries she allegedly sustained when she tripped and fell on a raised portion of a sidewalk and broken pieces of cement on the sidewalk abutting certain premises located in Seaford. The premises were owned by RJJR and leased to Beachbum pursuant to an assignment and assumption of a lease agreement.
As relevant here, RJJR asserted cross-claims, inter alia, for contractual indemnification and, in effect, alleging breach of the lease agreement against Beachbum. Beachbum [*2]moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, and RJJR opposed the motion. Thereafter, RJJR cross-moved for summary judgment on its cross-claim for contractual indemnification insofar as asserted against Beachbum, and Beachbum opposed the cross-motion. In an order dated June 20, 2023, the Supreme Court, among other things, granted those branches of Beachbum's motion which were for summary judgment dismissing RJJR's cross-claims for contractual indemnification and, in effect, alleging breach of the lease agreement insofar as asserted against it, and denied RJJR's cross-motion. RJJR appeals. 
The Supreme Court should have granted RJJR's cross-motion for summary judgment on its cross-claim for contractual indemnification insofar as asserted against Beachbum and denied that branch of Beachbum's motion which was for summary judgment dismissing that cross-claim insofar as asserted against it. "Pursuant to General Obligations Law § 5-321, a lease that obligates a tenant to indemnify a landlord for the landlord's own negligence is against public policy and unenforceable. However, in the context of a commercial lease, negotiated between two sophisticated parties, where a 'lessor and lessee freely enter into an indemnification agreement whereby they use insurance to allocate the risk of liability to third parties between themselves, General Obligations Law § 5-321 does not prohibit indemnity'" (Rodriguez v 5432-50 Myrtle Ave., LLC, 148 AD3d 947, 949, quoting Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419; see General Obligations Law § 5-321; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 160-161). Under such circumstances the landlord "'is not exempting itself from liability to the victim for its own negligence. Rather, the parties are allocating the risk of liability to third parties between themselves, essentially through the employment of insurance. Courts do not, as a general matter, look unfavorably on agreements which, by requiring parties to carry insurance, afford protection to the public'" (Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d at 419, quoting Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d at 161).
Here, RJJR established, prima facie, that the parties to the lease agreement used insurance to effectively "allocate the risk of liability" to third parties, such that the indemnification provision obligating Beachbum to indemnify RJJR for RJJR's own negligence does not violate General Obligations Law § 5-321 and is enforceable (Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d at 419; see Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d at 161). Contrary to Beachbum's contention, the fact that it was an assignee of the lease agreement and not an original party does not render the indemnity provision violative of General Obligations Law § 5-321 (see La Vack v National Shoes, 124 AD2d 352, 352-353; cf. Bessios v Regent Assoc., Inc., 214 AD3d 554, 555-556). Moreover, the clear language of the indemnification provision, which only excepted Beachbum's obligation to indemnify RJJR for gross negligence by RJJR, demonstrated that Beachbum was obligated to indemnify RJJR for its ordinary negligence (see generally Rodriguez v 5432-50 Myrtle Ave., LLC, 148 AD3d at 949; Campisi v Gambar Food Corp., 130 AD3d 854, 855). In opposition, Beachbum failed to raise a triable issue of fact.
The Supreme Court properly granted that branch of Beachbum's motion which was for summary judgment dismissing RJJR's cross-claim, in effect, alleging breach of the lease agreement. Contrary to RJJR's contention, Beachbum established it was not obligated under the lease agreement to make structural repairs to the sidewalk (see Mannapova v Aufrichtig, 186 AD3d 825, 826; Berkowitz v Dayton Const., Inc., 2 AD3d 764, 765). Section 40 of the rider to the lease agreement, which is the only part of the lease agreement that specifically refers to the sidewalk, only required Beachbum to keep the sidewalk free of "ice, snow and rubbish." In opposition, RJJR failed to raise a triable issue of fact.
RJJR's remaining contention is not properly before this Court.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court